NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHIYONG LI,

                Petitioner,

   v.

MERRICK B. GARLAND, Attorney
General,

                Respondent.

No.   15-71263

Agency No. A087-715-963

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 30, 2021[**]

Before:  GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

     Shiyong Li, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") March 26, 2015 order denying his motion to

reopen proceedings.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We will reverse a denial of a motion to reopen only if the denial was "arbitrary, irrational, or contrary to law." *Bhasin v. Gonzales*, 423 F.3d 977, 983 (9th Cir. 2005) (internal citations and quotation marks omitted). We deny the petition for review.

The BIA did not abuse its discretion in concluding that Li failed to establish prima facie eligibility for asylum. *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228 (9th Cir. 2016). Li did not adduce "credible, direct, and specific evidence" to demonstrate an objectively well-founded fear that he would be persecuted by the Chinese government based upon his political activities in the United States. *Malty v. Ashcroft*, 381 F.3d 942, 947 (9th Cir. 2004). As the BIA explained, Li has not presented sufficient evidence that the Chinese government will target him in China. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). For example, Li is not a high-profile activist, he submitted articles that do not relate to him, and the letter from his daughter is vague.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

2                                                                                    15-71263